IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RUDY M. RAMIREZ,

                Plaintiff,

v.

WENDY DELMER, MR. CAHEK,
NICHOLAS SIEBER, LT. TRANKLE,
A. THOMPSON, DR. ENGLISH,
and JOHN DOE,

                Defendants.

OPINION and ORDER

23-cv-339-jdp

---

    Plaintiff Rudy M. Ramirez, appearing pro se, is incarcerated at New Lisbon Correctional Institution. Ramirez alleges that prison staff falsely convicted him to attempting to sell his pain medication and then discontinued it, causing him to suffer severe pain. Ramirez has made an initial partial payment of the filing fee as previously directed by the court.

    The next step is for me to screen Ramirez's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Ramirez's complaint fails to state a claim upon which relief may be granted. I will give him a chance to submit an amended complaint.

ALLEGATIONS OF FACT

Plaintiff Rudy Ramirez has extensive nerve damage in his right leg and slipped disks in his lower back. These maladies keep him in constant pain. Ramirez had been prescribed gabapentin, which made his pain tolerable.

Inmates harassed Ramirez by falsely reporting that Ramirez was selling his gabapentin. In September 2022, defendant correctional officer Nicholas Sieber searched Ramirez's cell and reported that he found a gabapentin tablet in a pill bottled mixed with other pills. This led Sieber to write a conduct report against Ramirez. Ramirez doesn't say what rule he was charged with violating but I infer that it was related to the accusations that he failed to ingest his daily gabapentin and instead retained it to sell. A conduct report hearing was held, at which Ramirez asked for a translator because he does not understand English well. But defendant Lieutenant Trankle would not give him one. I infer that Ramirez was convicted of his charges.

Defendant Nurse Wendy Delmer discontinued Ramirez's gabapentin in conjunction with him receiving the conduct report. She prescribed him amitriptyline instead, which did not help his pain. Ramirez states that Delmer did not have the authority to discontinue medication. At some point later (Ramirez does not explain when) defendant Dr. English "signed off" on the discontinuation of his gabapentin without examining Ramirez.

Since then, Ramirez has been in severe pain because the amitriptyline does not adequately treat his pain. Ramirez asked defendant Mr. Cahek, the security director, about the discontinuation of his gabapentin, and Cahek refused to intervene, stating that it was an issue for medical staff.

ANALYSIS

Ramirez contends that his due process rights were violated at his conduct report hearing. I take him to be saying that defendant Sieber incorrectly reported that Ramirez kept gabapentin instead of ingesting it. But even if Sieber intentionally falsified the charges, false conduct reports do not give rise to a constitutional due process claim "because an inmate has ability to litigate the truthfulness of the report through the hearing process." *Lagerstrom v. Kingston*, 463 F.3d 621, 624–25 (7th Cir. 2006). So he doesn't state a claim against Sieber.

Ramirez also challenges the hearing itself, stating that defendant Trankle wouldn't give him an interpreter and that staff didn't retain the pill that Siebert said was gabapentin. But Ramirez fails to show that he was entitled to any due process protections at his conduct report hearing. To succeed on such a claim, a plaintiff must demonstrate that he: (1) has a cognizable property or liberty interest; (2) has suffered a deprivation of that interest; and (3) was denied due process. *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010). The Supreme Court has explained that a prisoner's cognizable liberty interests "will be generally limited to freedom from restraint which . . . imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483–484 (1995). Here, the only consequence that Ramirez complains about is having his gabapentin discontinued. Prisoners aren't required to give inmates due process protections every time they discontinue a medication. Ramirez's claims are about his medical care, not due process.

But Ramirez's allegations about his medical care are too vague to state claims for relief. Ramirez states that defendant Nurse Delmer discontinued his gabapentin without authorization, but it's unclear how that violated his rights because defendant Dr. English approved the discontinuation at some unspecified point later. Ramirez doesn't explain why he

3

thinks it was necessary for him to be examined by English before he discontinued the gabapentin in conjunction with Ramirez's conviction for attempting to sell it. Nor does Ramirez explain whether Delmer or English knew that the replacement drug—amitriptyline—would be ineffective to treat his pain. Ramirez also alleges that security director Cahek refused to intervene, but he doesn't explain why he thinks that Cahek had the authority to overrule a disciplinary conviction or intervene in his medical care.

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Before dismissing this case, I will give Ramirez a short time to submit an amended complaint clarifying his medical care claims. In drafting his amended complaint, Ramirez should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a constitutional violation.

- Identify all of the individuals he wishes to sue in the caption of the complaint.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs. He should state his allegations as if he were telling a story to someone who knows nothing about the events. He should explain how he knows that each defendant disregarded his medical problem.

If Ramirez files an amended complaint, I will screen the allegations to determine whether they state a claim upon which relief may be granted. If he does not provide an amended complaint by the date below, this case will be closed for his failure to prosecute it.

ORDER

IT IS ORDERED that:

1. Plaintiff Rudy M. Ramirez's complaint is DISMISSED.

2. Plaintiff may have until August 8, 2023, to submit an amended complaint as directed in the opinion above.

Entered July 18, 2023.

                                        BY THE COURT:

                                        /s/

                                        _____

                                        JAMES D. PETERSON
                                        District Judge