IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RUDY M. RAMIREZ,

                Plaintiff,

    v.

WENDY DEMLER and BRIAN CAHEK,

              Defendants.[1]

OPINION and ORDER

23-cv-339-jdp

---

Plaintiff Rudy M. Ramirez alleges that staff at New Lisbon Correctional Institution (NLCI) harassed him with repeated urinalyses and strip searches and then discontinued his gabapentin. I granted Ramirez leave to proceed on an Eighth Amendment claim against defendant Brian Cahek regarding the repeated searches and on Eighth Amendment and Wisconsin-law medical negligence claims against defendant Wendy Demler regarding the discontinuation of his medication. Dkt. 13. Defendant Cahek moves for summary judgment on the claims against him on exhaustion grounds, Dkt. 26. I will grant that motion.

ANALYSIS

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions." 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d

---

[1] I have amended the caption to reflect the correct spelling of defendants' names as stated in their submissions.

714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates ordinarily must follow the Inmate Complaint Review System (ICRS) process as set forth in Wisconsin Administrative Code Chapter DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Defendants submit Ramirez's grievance history, Dkt. 28-1, showing that he filed five grievances about other issues at NLCI from 2021 to 2023, but none about the repeated urinalyses and strip searches that Ramirez alleges took place over the course of 2022.

Ramirez responds to Cahek's motion for summary judgment in two ways: a motion for appointment of counsel, Dkt. 29, and a substantive response to the exhaustion motion, Dkt. 33. Ramirez states that he speaks only Spanish and that he has completed his filings in this case with the help of a jailhouse lawyer. He states that he was prevented from exhausting his administrative remedies because the prison does not explain its policies in Spanish.

I cannot appoint Ramirez counsel: because this is a civil case that Ramirez voluntarily brought himself, there is no right to either court-appointed counsel or an interpreter. I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). To show that it is appropriate for the court to recruit counsel, a plaintiff must (1) show that he cannot afford a lawyer, (2) provide the names and addresses of at least three lawyers who have declined to represent him

in this case; and (3) demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it. *See, e.g.*, *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010).

Ramirez qualifies from a financial perspective and he attaches letters from lawyers who have declined to help him. But the exhaustion issue isn't too complex for him to litigate with the help of a jailhouse lawyer; he has submitted a substantive response that explains why he believes the grievance system was unavailable to him. And regardless the outcome of Cahek's exhaustion-based summary judgment motion, it is too early to tell whether he will be unable to litigate his claims against Demler; I would wait until the parties fully briefed a merits-based summary judgment motion before concluding whether recruitment of counsel is truly necessary. I will deny Ramirez's motion for recruitment of counsel.

As for Ramirez's substantive response to Cahek's exhaustion-based summary judgment motion, language barriers can be a reason to deny such a motion, for instance, if a prison fails to explain the grievance process in a way the prisoner understands. *Darwin Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018). But that isn't the case here. Ramirez states only generally that language barriers prevented him from filing grievances at NLCI, but it is undisputed that he got help from jailhouse lawyers to file several other grievances around the same time as Cahek's alleged harassment took place. Ramirez does not explain why he was able to file those grievances but not one regarding Cahek's alleged harassment. So I conclude that Ramirez failed to exhaust his administrative remedies. I will grant summary judgment to Cahek; the Eighth Amendment claim against him is dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004). The case will continue with Ramirez's claims against Demler.

ORDER

IT IS ORDERED that:

1.  Plaintiff Rudy M. Ramirez's motion for the court's assistance in recruiting him counsel, Dkt. 29, is DENIED.

2.  Defendant Cahek's motion for summary judgment on exhaustion grounds, Dkt. 26, is GRANTED. Plaintiff's claim against defendant Cahek is DISMISSED without prejudice.

Entered January 13, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

4