IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RUDY M. RAMIREZ,

                      Plaintiff,

v.                                                    OPINION and ORDER

WENDY DEMLER,                                        23-cv-339-jdp

                      Defendant.

---

Plaintiff Rudy M. Ramirez, proceeding without counsel, is a prisoner at New Lisbon Correctional Institution. Ramirez alleges that defendant Advanced Practice Nurse Prescriber Wendy Demler improperly discontinued his gabapentin to treat his severe nerve pain. I granted him leave to proceed on Eighth Amendment and Wisconsin-law medical negligence claims against Demler.

Demler moves for summary judgment. Dkt. 42. I will grant that motion because Ramirez fails to show that Demler was the official who discontinued this medication or that Demler otherwise consciously disregarded his pain.

PRELIMINARY MATTERS

Defendant Demler argues that I should disregard Ramirez's materials opposing her motion for summary judgment because they were filed six days after the February 12, 2025 deadline set by the court. But Ramirez states in a sur-reply, Dkt. 58, that he placed those documents in the prison mail stream on February 12. This court disfavors sur-replies, but in this instance, I will consider Ramirez's. I also note that Ramirez's materials were postmarked

February 13, *see* Dkt. 52-2, which tends to support Ramirez's assertion that he placed his materials in the prison mail stream by the deadline. I will not disregard Ramirez's filings.

Demler moves to seal the medical and disciplinary records that she submitted in support of her motion for summary judgment. Dkt. 45. But these documents are relevant to the claims that Ramirez has chosen to litigate, so they are presumptively part of the public record. *See, e.g., Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545–46 (7th Cir. 2002). I will keep the records under seal for now, and I will order Demler to review those records for personal-identifier information that should be redacted under Federal Rule of Civil Procedure 5.2(a) and to submit a redacted copy of those documents for the public record or to file a motion to unseal the records if they do not contain any information that must be redacted.

I turn to Demler's motion for summary judgment.

UNDISPUTED FACTS

The following facts are undisputed unless otherwise noted.

Plaintiff Rudy Ramirez is a state of Wisconsin prisoner currently incarcerated at New Lisbon Correctional Institution (NLCI). Defendant Wendy Demler is an advanced practice nurse prescriber. During the events relevant to this case, she was employed by a staffing company contacted to provide medical services at NLCI.

In 2015, Ramirez was diagnosed with nerve pain after an incident at another prison in which he fell off a top bunk and hit his back on the lower bunk. In 2016, Ramirez was first prescribed gabapentin for his severe nerve pain. Gabapentin is a medication approved for treatment of seizures. It is also prescribed to relieve the pain of postherpetic neuralgia and can treat diabetic neuropathy. Prison officials are concerned about using gabapentin in a prison

setting because it has a high potential for abuse or misuse. In June 2019, Ramirez signed a "Chronic Pain Management Agreement," which included a statement that Ramirez would "not share, trade, hoard, divert or misuse [his] medication in any way." Dkt. 46, at 30.

Ramirez was transferred to NLCI in 2020. Demler's first encounter treating Ramirez was June 9, 2022. At that point, Ramirez was prescribed gabapentin 800 mg three times a day. Ramirez told Demler that the gabapentin helped with his nerve pain but that he was still in constant pain between 5 and 7 on a 10-point scale. Ramirez said that Tylenol provided a small amount of relief and requested that Demler order him Tylenol. Demler granted that request. Demler also assessed the shoes that Ramirez had to help with knee pain and entered a referral to have the shoes evaluated. In August 2022, Demler ordered Ramirez a knee brace and physical therapy.

In September 2022, Ramirez's cell was searched and officers found a pill bottle with Ramirez's name on it containing a gabapentin tablet mixed with other pills and a pipe used for smoking, wrapped in toilet paper in the trash can. Ramirez was given a conduct report for misuse of medication, possession of intoxicant paraphernalia, and possession of contraband. Ramirez pleaded no contest to those charges. Ramirez attempts to dispute this account, saying that his cellmate took responsibility for the pill and that the pill was Tylenol. But regardless the underlying truth of the events, it is undisputed that Ramirez was convicted of misuse of medication based on allegations that a gabapentin pill was found in his pill bottle.

The DOC's Division of Adult Institutions' policy titled "Medication Adherence and Safety" states that "[w]hen staff-controlled medication is misused, absent exceptional circumstances, ACPs shall discontinue the medication and find alternatives that have less potential for misuse." Dkt. 48-3, at 4. A doctor discontinued Ramirez's gabapentin prescription

3

the day that he was convicted. A nurse noted that the doctor's order was incorrectly marked as "discontinue at stop date," which I take to mean the last day of the prescription. Dkt. 46, at 8. The nurse stated, "I can not get it to discontinue today but I could suspend it." *Id.* It is undisputed that Ramirez stopped receiving gabapentin that day, which left him in pain.

A couple of days later, defendant Demler saw Ramirez for an appointment and asked him which medications other than gabapentin worked to ease his pain. Ramirez said that he didn't know. Demler increased his Tylenol prescription and she prescribed him lidocaine rub.

In October 2022, Ramirez was seen by a nurse for tingling in his toes. The nurse offered pain medication options but Ramirez refused any treatment other than gabapentin. Later that month Demler told Ramirez that because gabapentin was found in his cell he could no longer be prescribed that medication. Demler prescribed him amitriptyline and compression socks for his calf and foot pain and tingling. Demler left NLCI in December 2022.

I will discuss additional facts as they are relevant to the analysis.

## ANALYSIS

Ramirez contends that Demler discontinued his gabapentin without a doctor's approval. He proceeds on claims under both Eighth Amendment and Wisconsin-law medical negligence theories. I begin with his Eighth Amendment claims.

### A. Eighth Amendment claim

The Eighth Amendment prohibits prison officials from acting with conscious disregard toward prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A "serious medical need" is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*,

444 F.3d 579, 584–85 (7th Cir. 2006). Demler does not dispute that Ramirez's pain was a serious medical need.

A defendant "consciously disregards" an inmate's need when the defendant knows of and disregards "an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996). However, inadvertent error, negligence, gross negligence, and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

A prison medical provider can violate the Eighth Amendment despite providing some care if the provider "persists in a course of treatment known to be ineffective" or a provider's decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." *Petties v. Carter*, 836 F.3d 722, 729–30 (7th Cir. 2016). But in considering these issues I must consider the totality of care that Ramirez received, not just pick apart individual decisions. *Id.* at 728. "There is not one 'proper' way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). The Eighth Amendment does not give prisoners the right to demand specific treatment; this is especially true for controlled pain medications such as gabapentin. *Burton v. Downey*, 805 F.3d 776, 785–86 (7th Cir. 2015). Nor does it guarantee successful treatment.

Ramirez contends that Demler discontinued his gabapentin without a doctor's approval. It's not clear that Demler would need doctor approval to discontinue a medication,

5

because she is an advanced practice nurse prescriber. But in any event, Ramirez does not provide evidence showing that Demler was the staffer who discontinued his gabapentin; the medical records show that a doctor discontinued it and it appears that a nurse actually suspended the prescription after concluding that the doctor's order erroneously discontinued the prescription at the end of the prescription term, rather than immediately as should have been done in response to Ramirez's conviction for misuse of the gabapentin. Ramirez isn't proceeding on claims against the doctor or the nurse.

Even if Demler had some personal involvement in the discontinuation of Ramirez's gabapentin, I would grant summary judgment in her favor. There was a legitimate medical reason to discontinue Ramirez's gabapentin: he was convicted of misusing it, in violation of his pain-management agreement to properly take that medication. And Ramirez doesn't otherwise show that Demler consciously disregarded his pain. While Ramirez was in her care, Demler attempted to treat his nerve pain and his other sources of pain in multiple other ways, including Tylenol, lidocaine rub, amitriptyline, and physical therapy. No reasonable jury could conclude that Demler consciously disregarded his pain given the context of his misuse of gabapentin. So I will grant Demler's motion for summary judgment on this claim.

## B. Medical negligence claim

Ramirez also brings a Wisconsin-law medical negligence claim against defendant Demler for improperly discontinuing his gabapentin. The court has supplemental jurisdiction over that claim under 28 U.S.C. § 1367(a), which permits a federal district court to hear a state-law claim if it is related to a federal claim in the same action. The general rule is that district courts should relinquish jurisdiction over state law claims when all the federal claims are dismissed before trial. But a district court has discretion to decide the state law claims "for

6

good reasons," *Whitely v. Moravec*, 635 F.3d 308, 311 (7th Cir. 2011), including if the resolution of the state law claims is clear. *Cortezano v. Salin Bank & Trust Co.*, 680 F.3d 936, 941 (7th Cir. 2012). In this case, the undisputed facts make it clear that Ramirez cannot prevail on his medical negligence claim because Demler wasn't the medical provider who discontinued his gabapentin. So I will grant Demler's motion for summary judgment on this claim.

## ORDER

IT IS ORDERED that:

1. Defendant Wendy Demler's motion to seal, Dkt. 45, is GRANTED in part. The records that defendant filed will remain under seal. Demler may have until June 11, 2025, to submit a redacted copy of those documents for the public record or to file a motion to unseal the records if they do not contain any information that must be redacted.

2. Defendant's motion for summary judgment, Dkt. 42, is GRANTED.

3. The clerk of court is directed to enter judgment accordingly and close the case.

Entered May 21, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge